# SCALISE & HAMILTON LLP

670 White Plains Road
Suite 325
Scarsdale, N.Y. 10583
(914)725-2801
Fax (914)931-2112

*Deborah A. Scalise*
*Sarah Jo Hamilton*

*Maryrita Dobiel*
*Of Counsel*

August 23, 2018

Chief Judge Cecelia G. Morris
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York 10004-1408



RE:    Jonathan Pasternak, Esq. and
       261 EAST 78 REALTY CORPORATION, a Chapter 11 Debtor (261 East Realty)
       Case No. 11-15624 (REG)

Dear Judge Morris:

    I represent DelBello Donnellan Weingarten Wise & Wiederkehr LLP, (DDWWW). Pursuant to the reporting requirements of the New York Rules of Professional Conduct at 22 NYCRR § 1200 Rule 8.3 (a) as well as Rule 3.3 (b), this letter is submitted to report the misconduct of Jonathan Pasternak, Esq., who is no longer affiliated with DDWWW.

    By way of background, Mr. Pasternak was a non-equity partner at DDWWW from January 1, 2013 to August 22, 2018. He was the head of and supervised DDWWW's Bankruptcy Practice Group until his departure earlier this week. Mr. Pasternak and DDWWW represented 261 EAST 78 REALTY CORPORATION, a Chapter 11 Debtor (261 East Realty) before the United States Bankruptcy Court for the Southern District of New York. The 261 East Realty proceedings concluded, with a reorganization subject to the Court's approval, in 2014.

    Unfortunately, on August 20, 2018 in dealing with a malpractice action relating to one of Mr. Pasternak's former clients, DDWWW first learned that Mr. Pasternak engaged in misconduct which appears to constitute a conflict of interest. Specifically, it came to light that Mr. Pasternak received a personal brokerage commission from a non-client buyer for unilaterally arranging the purchase of a property that was subject to the 261 East Realty Chapter 11 Bankruptcy proceeding. Moreover, he failed to disclose the personal brokerage Commission to the Bankruptcy Court or to DDWWW which also appears to constitute a fraud on the Court.

    To be clear, Mr. Pasternak's arrangements for the brokerage commission were unilaterally

1

undertaken without the knowledge of any partner or employee of DDWWW. Moreover, the proceeds of the Commission were paid to Mr. Pasternak personally without any knowledge of any partner or employee of DDWWW.

As with all partners of DDWWW, Mr. Pasternak was trusted to properly handle all client matters and to adhere to all of his ethical and professional responsibilities to ensure that all DDWW's client's interests were protected as well as acting in accord with his duties as an officer of the Court. We reiterate that no partners or employees other than Mr. Pasternak were aware of his conduct until it was discovered on August 20, 2018.

If the Court should deem it necessary, we can provide any information that it may need with regard to this matter.

Please be advised that my client remains fully ready to cooperate with all further inquiries or requests by the Court. Kindly address all future inquiries to my attention.

Thank you for your consideration of this matter.

Very truly yours,

Deborah A. Scalise

cc:    Linda Riffkin, Esq. (via FEDEX and Email)
       *Trustee, U.S. Bankruptcy Court*

       Alfred Donnellan, Esq. (via Email)
       *DelBello Donnellan Weingarten Wise & Wiederkehr LLP*

       Andrew Levander, Esq.(via Email)
       Hector Gonzalez, Esq. (via Email)
       Dechert LLP
       *Attorneys for Jonathan Pasternak, Esq.*